WILLIAM A. HECHT, P.C.
Attorney At Law
84 Business Park Drive, Suite 208
Armonk, New York 10504
Telephone (914) 946-0647

New York City Department
of Consumer Affairs
License No. 2045567-DCA

Admitted NY & NJ

June 8, 2026

Honorable Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

Re:     NYU Langone Hospitals
        v. Oxford Health Insurance, Inc. et al.
        Case No.: 26-CV-01666 (JLR)

Dear Judge Rochon:

An initial pretrial conference is scheduled in the above referenced action before Your Honor on
June 18, 2026 at 11:00 a.m.  Pursuant to Your Honor's Individual Rules of Practice in Civil
Cases, this joint letter is being submitted by counsel for the parties.  Defendants' counsel has
informed Plaintiff's counsel that Defendants will be filing a motion to dismiss the complaint on
June 10, 2026 and asked Plaintiff to consent, which Plaintiff did, to stay discovery pending a
decision on said motion.

The positions expressed below by each party are those of that party only and the parties reserve
the right to add or supplement their claims and defenses as discovery progresses.

(1)     Description of the Case

        Plaintiff's Statement of the Case

At Defendants' request, Plaintiff NYU Langone Hospitals ("NYULH"), in good faith and with
the expectation of payment from Defendants, rendered mental health services to persons,
enrolled in health plans issued or administered by Defendants, who presented to the emergency
departments of NYULH.  Defendants made partial payments on certain claims and no payment
on other claims.  Plaintiff is entitled to recover from Defendants for breach of contract the
reasonable value of its services.  Further, NYULH as a Medicare participating provider is

Hon. Jennifer L. Rochon, U.S.D.J.
Page 2
June 8, 2026

obligated to provide emergency care to individuals who present to its emergency departments under the federal Emergency Treatment and Active Labor Act and Defendants are liable to pay for such care. By failing to pay NYULH the reasonable value of its services, Defendants have been unjustly enriched.

Defendants' Statement of the Case

Defendants contend that this is a routine benefits dispute. Plaintiff has aggregated 90 out-of-network benefit claims and now seeks to extract approximately $800,000 by recasting ordinary coverage determinations as implied-contract and unjust enrichment claims.

In its forthcoming motion to dismiss, Defendants will argue that Plaintiff has no plausible basis to demand benefits beyond the amounts already determined to be covered and reimbursed under the operative benefit plans, including plans governed by ERISA[1] and the Medicare Act. Those plans define the scope of coverage and the methodology for reimbursement, including for out-of-network claims. Plaintiff's claims are therefore preempted.

In its forthcoming motion to dismiss, Defendants will also argue that Plaintiff's legal theories rest on an implausible premise that a payor must reimburse an out-of-network provider at rates greater than what is afforded under the individual plans at or near its full billed charges. Plaintiff concedes that the services were rendered on an out-of-network basis, certain services were not covered at all, and Plaintiff had no contractual relationship for the at-issue benefit claims with Defendants entitling it to any particular rate of reimbursement.

In its forthcoming motion to dismiss, Defendants will further argue that Plaintiff does not plausibly allege any implied agreement governing coverage or reimbursement for the at-issue benefit claims. And Plaintiff's unjust enrichment claim fails because any benefit was conferred on the patient-members (not Defendants) and Plaintiff fails to plead acceptance, a reasonable expectation of compensation from Defendants, or a sustainable measure of damages.

As noted in (1), the Parties are aligned that a stay of discovery is appropriate here, as Defendants' motion to dismiss many narrow this matter, which will impact the scope of discovery.

(2)    Contemplated Motions

As noted, Defendants intend to file a motion to dismiss on June 10, 2026.

---

[1] The Employee Retirement Income Security Act ("ERISA").

Hon. Jennifer L. Rochon, U.S.D.J.
Page 2
June 8, 2026

(3)     Prospect for Settlement

Prior to commencement of this action, Plaintiff actively sought an amicable resolution with Defendants and remains open to settlement negotiations.

Thank you for Your Honor's time and consideration.

Respectfully,


/s/
Patricia Hecht (counsel for Plaintiff)

/s/
Amanda L. Genovese (counsel for Defendants)