UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NYU LANGONE HOSPITALS,<br><br>       Plaintiff,<br><br>   v.<br><br>OXFORD HEALTH INSURANCE, INC.,<br>UNITED HEALTHCARE INSURANCE<br>COMPANY OF NEW YORK, UNITED<br>HEALTHCARE OF NEW YORK, INC., UNITED<br>HEALTHCARE INSURANCE COMPANY,<br>UNITED HEALTHCARE SERVICES, INC.,<br>UNITED HEALTHCARE SERVICES LLC, AND<br>UMR, INC.,<br><br>       Defendants. | Civil Action No.: 1:26-cv-01666-JLR<br><br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

SEYFARTH SHAW LLP
Amanda L. Genovese
620 Eighth Avenue
New York, New York 10018
(212) 218-5621
agenovese@seyfarth.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND .................................................................................................. 2

      A.    Allegations In The Complaint. ................................................................... 2

      B.    The Benefit Claims. ................................................................................... 2

III.  STANDARD OF REVIEW ................................................................................. 3

IV.   ARGUMENT ....................................................................................................... 4

      A.    Plaintiff's Complaint Fails To Meet Fed. R. Civ. P. 8 Pleading
           Requirements. ............................................................................................. 4

      B.    ERISA Expressly Preempts All Causes Of Action For The ERISA Claims. ......... 5

      C.    The Medicare Claims Are Preempted, Unexhausted, And Fail On The
           Merits. ........................................................................................................ 8

      D.    Plaintiff Fails To Plausibly Allege A Claim For Relief. ........................... 11

           1.    For All Benefit Claims (ERISA Claims, Medicare Claims, and
                 Medicaid Claims), Plaintiff Does Not Plausibly Allege An Implied
                 Breach Of Contract Claim. ........................................................... 11

           2.    For All Benefit Claims (ERISA Claims, Medicare Claims, and
                 Medicaid Claims), Plaintiff Does Not Plausibly Allege An Unjust
                 Enrichment Cause Of Action. ....................................................... 13

V.    PLAINTIFF IGNORES THE FEDERAL NO SUPRISES ACT ................................... 15

VI.   CONCLUSION.................................................................................................... 16

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Gyn. & Laparoscopy of N. Jersey, P.C. v. Cigna Health & Life Ins.*,
  Civil Action No. 19-22234 (ES)(MAH), 2024 WL 3159414 (D.N.J. June 25,
  2024) ..................................................................................................................................5

*Aetna Health Inc. v. Davila*,
  542 U.S. 200 (2004).............................................................................................................6

*Allegheny Gen. Hosp. v. Philip Morris, Inc.*,
  228 F.3d 429 (3d Cir. 2000)...............................................................................................14

*AMISUB (SFH), Inc. v. Cigna Health & Life Ins. Co.*,
  142 F.4th 403 (6th Cir. 2025) .......................................................................................8, 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................................4, 11

*Aylward v. SelectHealth, Inc.*,
  35 F.4th 673 (9th Cir. 2022) ..............................................................................................10

*Bassel v. Aetna Health Ins. Co. of New York*,
  17-cv-05179 (ERK)(RER), 2018 WL 4288635 (E.D.N.Y. Sept. 7, 2018)..............................12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 554 (2007).............................................................................................................4

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
  448 F.3d 573 (2d Cir. 2006)..........................................................................................12, 13

*Broad St. Surgical Ctr., LLC v. UnitedHealth Grp., Inc.*,
  Civil No. 11-2775 (JBS/JS), 2012 WL 762498 (D.N.J. Mar. 6, 2012) ..................................14

*Cent. Orthopedic Grp., LLP v. Aetna Life Ins. Co.*,
  No. 24- 7173, 2025 WL 2614971 (E.D.N.Y. Sept. 10, 2025) ....................................................9

*Cole v. Travelers Ins. Co.*,
  208 F. Supp. 2d 248 (D. Conn. 2002).......................................................................................7

*Complete Foot & Ankle v. Cigna Health & Life Ins. Co.*,
  Civil No. 17-13742 (SDW)(LDW), 2018 WL 2234653 (D.N.J. May 16, 2018) ......................4

*Cooperman v. Empire HealthChoice HMO, Inc.*,
  1:24-cv-00866, 2025 WL 950675 (S.D.N.Y. Mar. 28, 2025)....................................................7

*Davis v. Twp. of Paulsboro*,
  424 F. Supp. 2d 773 (D.N.J. 2006) ...............................................................................14

*Dearmas v. Av-Med, Inc.*,
  814 F. Supp. 1103 (S.D. Fla. 1993) ..............................................................................14

*East Coast Spine Joint v. Anthem Blue Cross Blue Shield*,
  Civ. No. 2:22-04841 (WJM), 2023 WL 3559704 (D.N.J. Apr. 27, 2023) ..............................13

*Ferro v. Ry. Express Agency, Inc.*,
  296 F.2d 847 (2d Cir. 1961)..........................................................................................11

*Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*,
  30 F.4th 905 (9th Cir. 2022) .........................................................................................10

*Healthcare Just. Coal. DE Corp. v. Cigna Health & Life Ins. Co.*,
  No. 3:23-CV-1689 (JAM), 2024 WL 4264391 (D. Conn. Sept. 23, 2024) ...............................5

*Healthcare Justice Coal. DE Corp. v. Cigna Health & Life Ins. Co.*,
  No: 3:23-cv-01689 (KAD), 2025 WL 1424905 (D. Conn. May 15, 2025)...............................14

*Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*,
  832 F.3d 1229 (11th Cir. 2016) ......................................................................................9

*Ingersoll-Rand Co. v. McClendon*,
  498 U.S. 133 (1990)......................................................................................................6

*Kapsis v. Am. Home Mortg. Servicing Inc.*,
  923 F. Supp. 2d 430 (E.D.N.Y. 2013) ...........................................................................11

*Kodenkandeth v. Blind & Vision Rehab. of Pittsburgh*,
  No. 23-2051, 2024 WL 4242087 (W.D. Pa. Sept. 19, 2024)..............................................10

*Major League Baseball Props., Inc. v. Opening Day Prods., Inc.*,
  385 F. Supp. 2d 256 (S.D.N.Y. 2005)............................................................................13

*Metro. Life Ins. Co. v. Taylor*,
  481 U.S. 58 (1987)........................................................................................................6

*Miller v. Syracuse Univ.*,
  662 F. Supp. 3d 338 (N.D.N.Y. 2023)............................................................................12

*Neurological Surgery, P.C. v. Aetna Health Inc.*,
  511 F. Supp. 3d 267 (E.D.N.Y. 2021) ..........................................................................6, 7

*Neurological Surgery, P.C. v. Siemens Corp.*,
  17-cv-3477 (ADS)(AKT), 2017 WL 6397737 (E.D.N.Y. Dec. 12, 2017) .............................12

*Neurosurgical Care of N.J., P.A. v. United Healthcare Ins.*
Co., No. 22-1333, 2022 WL 17585882 (D.N.J. Dec. 12, 2022) ..................................................7

*Norman Maurice Rowe, M.D., M.H.A., L.L.C. v. Aetna Life Ins. Co.*,
23 civ. 8527 (CM)(OTW), 2025 WL 692051 (S.D.N.Y. Mar. 4, 2025)....................................8

*Park Ave. Podiatric Care, P.L.L.C. v. Cigna Health & Life Ins. Co.*,
No. 23-1134-cv (L), 2024 WL 2813721 (2d Cir. June 3, 2024)..................................................6

*Sackin v. TransPerfect Global, Inc.*,
278 F. Supp. 3d 739 (S.D.N.Y. 2017)......................................................................................12

*Sarene Servs., Inc. v. Empire Blue Cross/Blue Shield*,
17-CV-5276 (DRH)(AYS), 2019 WL 402858 (E.D.N.Y. Jan. 29, 2019) ...............................10

*SM Medical Holdings Corporation v. United HealthCare Services, Inc.*,
Civil No. 25-1549, 2026 WL 540175 (D.N.J. Feb. 26, 2026) ...................................................8

*Tex. Med. Ass'n v. U.S. Dep't of Health & Hum. Servs.*,
110 F.4th 762 (5th Cir. 2024) ................................................................................................15

*Torretti v. Main Line Hosps., Inc.*,
580 F.3d 168 (3d Cir. 2009).....................................................................................................14

*Travelers Indem. Co. of Conn. v. Losco Grp., Inc.*,
150 F. Supp. 2d 556 (S.D.N.Y. 2001)......................................................................................14

*Uhm v. Humana, Inc.*,
620 F.3d 1134 (9th Cir. 2010) ..............................................................................................9, 10

*In re Wonderwork, Inc.*,
611 B.R. 169 (Bankr. S.D.N.Y. 2020)........................................................................................4

*Worldwide Aircraft Servs. Inc. v. Conn. Gen. Life Ins. Co.*,
749 F. Supp. 3d 1204 (M.D. Fla. 2024)...................................................................................16

Defendants Oxford Health Insurance, Inc., UnitedHealthcare Insurance Company of New York, UnitedHealthcare of New York, Inc., UnitedHealthcare Insurance Company, United HealthCare Services, Inc., United HealthCare Services LLC, and UMR, Inc. (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Complaint of NYU Langone Hospitals ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6).

## I.    INTRODUCTION

This case is a routine benefits dispute repackaged as something more.  The Complaint reveals a deliberate strategy: Plaintiff has aggregated 90 out-of-network benefit claims and now seeks to extract approximately $800,000 by improperly recasting ordinary coverage determinations as implied-contract and unjust enrichment claims.

That effort fails at the outset.  Plaintiff has no plausible basis to demand benefits beyond the amounts already determined to be covered and reimbursed under the operative benefit plans, including plans governed by ERISA[1] and the Medicare Act.  Those plans define the scope of coverage and the methodology for reimbursement, including for out-of-network claims.  Plaintiff's claims are therefore preempted and independently deficient.

Plaintiff's legal theories rest on an untenable and legally implausible premise that a payor must reimburse an out-of-network provider more than what is afforded under the individual plans at or near its full billed charges.  Courts have repeatedly rejected that notion.  Here, Plaintiff concedes that the services were rendered on an out-of-network basis, certain services were not covered at all, and Plaintiff had no contractual relationship with Defendants entitling it to any particular rate of reimbursement.

Plaintiff's quasi-contract theories fare no better.  Plaintiff does not plausibly allege any

---

[1] The Employee Retirement Income Security Act ("ERISA").

implied agreement governing coverage or reimbursement.  The unjust enrichment claim likewise fails because any benefit was conferred on the patient-members (not Defendants) and Plaintiff fails to plead acceptance, a reasonable expectation of compensation from Defendants, or a sustainable measure of damages.

For these reasons, and those that follow, the Court should dismiss the Complaint, with prejudice.

## II.    BACKGROUND

### A.    Allegations In The Complaint.

Plaintiff alleges that it rendered emergency mental health services to individuals enrolled in health plans issued or administered by Defendants.  (Compl. ¶ 9.)  According to Plaintiff, Defendants' members presented to Plaintiff's emergency department in need of inpatient treatment, after which Plaintiff allegedly contacted Defendants and Defendants requested that Plaintiff provide treatment.  (*Id.* ¶¶ 10–13.)  Plaintiff claims it rendered such services in good faith and submitted bills to Defendants for reimbursement.  (*Id.* ¶¶ 14–17.)  Plaintiff further alleges that Defendants made partial payments on certain claims while denying others.  (*Id.* ¶ 18.)

### B.    The Benefit Claims.

Attached to the Complaint as Exhibit A is a spreadsheet listing the alleged disputed benefit claims ("Benefit Claims").  (*Id.*)  On February 13, 2026, Plaintiff's counsel provided Defendants' counsel with a more detailed list of the 96 Benefit Claims ("Claims List").  (Declaration of Amanda L. Genovese in Support of Motion to Dismiss ("Genovese MTD Decl.") ¶ 5.)  The Claims List includes certain data fields: "Hospital," "Member ID #," "Member First Name," "Member Last Name," "Total Billed Charge," Patient Acct Number," "Dates of Service Start," "Dates of Service End," "Outstanding Reimbursement Expected," and "UHC Payment Received."  (*Id.*)

The Claims List, on its face, confirms that Plaintiff is seeking its billed charges less what

2

was determined to be covered and/or the "allowable amount" reimbursed by Defendants under the operative health plans' reimbursement methodologies.  (*Id*.)

On April 21, 2026, Plaintiff produced an updated claims list reflecting 90 benefits claims ("Updated Claims List").  (*Id.* ¶ 7.)  Plaintiff's Updated Claims List reduced the number of benefit claims in dispute to 90, and noted the mix of ERISA, Medicare-regulated, and Medicaid claims. (*Id*.)  Specifically, the Claims List lists 17 claims for Medicare-covered plans ("Medicare Claims"), 53 commercial ERISA claims ("ERISA Claims"), and 10 claims related to Medicaid plans ("Medicaid Claims").  (*Id*.)

The above is consistent with the Notice of Removal:

- "Based on an initial investigation of the Claims List, it was determined that certain benefit claims were billed to and adjudicated under health benefit plans governed by ERISA."  (ECF 1, NOR ¶ 10.)

- "Based on an initial investigation of the Claims List, it was determined that certain benefit claims were billed to and adjudicated under Medicare-governed plans…"  (ECF 1, NOR ¶ 11.)

And "certain Defendants, including UnitedHealthcare of New York, Inc. ("UHCNY") and UnitedHealthcare Insurance Company ("UHIC"), as those entities operate as Medicare Advantage organizations ("MAOs"), and are authorized by federal regulations to administer the benefits of the Medicare Advantage plans, as confirmed in public records."  (ECF 1, NOR ¶ 23.)

## III.    STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  A Fed. R. Civ. P. 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Fed. R. Civ. P. 8.  Under Fed. R. Civ. P. 8(a), a complaint must contain a "short and plain statement of the claim showing that

the pleader is entitled to relief," (*see* Fed. R. Civ. P. 8(a)(2)), "in order to give the 'defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citation omitted).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must "raise a right to relief above the speculative level," and a formulaic recitation of the elements of a cause of action, labels, and mere legal conclusions will not suffice to state a valid claim for relief. *Twombly*, 550 U.S. at 555. Rather, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Fed. R. Civ. P. 8 and 12(b)(6), Plaintiff's Complaint should be dismissed.

## IV.    ARGUMENT

### A.    Plaintiff's Complaint Fails To Meet Fed. R. Civ. P. 8 Pleading Requirements.

"Group pleading does not allow a Plaintiff to circumvent the requirement of Rule 8 that the complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *In re Wonderwork, Inc.*, 611 B.R. 169, 199 (Bankr. S.D.N.Y. 2020) (citation omitted). Plaintiff improperly relies on sweeping, representative allegations concerning the 90 Benefit Claims, without pleading any claim-specific facts. Such group pleading fails to satisfy Fed. R. Civ. P. 8 in these types of matters. *See Complete Foot & Ankle v. Cigna Health & Life Ins. Co.*, Civil No. 17-13742 (SDW)(LDW), 2018 WL 2234653, at *2 (D.N.J. May 16, 2018) (dismissing complaint under Fed. R. Civ. P. 8 where the plaintiff failed to allege basic facts such

4

as dates of service, nature of services, patients involved, amounts billed, governing plan terms, or assignments of benefits, leaving only a conclusory assertion of underpayment).

Instead of asserting factual allegations necessary to support any individual Benefit Claim, such as the services provided, or the basis for denial, Plaintiff asserts conclusory, aggregated allegations that obscure, rather than clarify.  Recent decisions dismiss similar complaints as impermissibly designed to circumvent pleading standards.  *See Healthcare Just. Coal. DE Corp. v. Cigna Health & Life Ins. Co.*, No. 3:23-CV-1689 (JAM), 2024 WL 4264391, at *5 (D. Conn. Sept. 23, 2024) ("All in all, the combination of the three concerns outlined above—(1) the complete lack of dates, (2) confusing allegations about the scope of emergency medical service claims that are the basis for this lawsuit, and (3) apparently contradictory allegations about the statutory or contractual source of the right to payment—persuade me that the complaint does not comply with the fair notice requirements of Rule 8.  Therefore, I will grant Cigna's motion to dismiss the complaint for failure to comply with Rule 8."); *Advanced Gyn. & Laparoscopy of N. Jersey, P.C. v. Cigna Health & Life Ins.*, Civil Action No. 19-22234 (ES)(MAH), 2024 WL 3159414, at *9 (D.N.J. June 25, 2024) ("The allegation that Plaintiffs' normal charges equal their full billed charges for all 1,677 claims, without further justification within the Third Amended Complaint, and in light of the discrepancies within the reported charges, is simply implausible.").

Because Plaintiff fails to allege sufficient, particularized facts, the Complaint does not satisfy Fed. R. Civ. P. 8 and should be dismissed.

### B.    ERISA Expressly Preempts All Causes Of Action For The ERISA Claims.

For the ERISA Claims, Plaintiff's causes of action fail because they rely on state law theories that impermissibly interfere with plan administration, seek recovery of ERISA plan benefits, and attempt to enlarge ERISA's exclusive remedial framework.  ERISA preemption therefore mandates dismissal.

ERISA's "expansive pre-emption provisions" apply squarely here.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).  It is well settled that ERISA provides the exclusive cause of action for claims seeking recovery of plan benefits, and it preempts any state-law claim that "relate[s] to" an employee benefit plan.  29 U.S.C. § 1144; *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–63 (1987).  State laws "relate to" an employee benefit plan if it seeks "to rectify a wrongful denial of benefits under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA."  *Neurological Surgery, P.C. v. Aetna Health Inc.*, 511 F. Supp. 3d 267, 289 (E.D.N.Y. 2021) (quoting *Davila*, 542 U.S. at 214).  And state laws can "relate to" a benefit plan "even if the law is not specifically designed to affect such plans, or the effect is only indirect."  *Id*. (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990)).

Plaintiff confirms preemption by conceding that this is, at its core, a benefits dispute:

- "NYULH rendered mental health services to persons enrolled in health plans issued or administered by Defendants."  (Compl. ¶ 9.)

- "NYULH is not contracted with Defendants to provide mental health services to their members."  (*Id.* ¶ 11.)

- "NYULH submitted claims for the services provided to Defendants' members to Defendants."  (*Id.* ¶ 16.)

Plaintiff's causes of action bear the requisite connection to the operative ERISA plans for the ERISA Claims.  *See Park Ave. Podiatric Care, P.L.L.C. v. Cigna Health & Life Ins. Co*., No. 23-1134-cv (L), 2024 WL 2813721, at *2 (2d Cir. June 3, 2024) (affirming district court's dismissal of an out-of-network provider's state law claims as being preempted by ERISA "because any legal duty Cigna ha[d] to reimburse [the provider] arises from its obligations under the patient's ERISA plan," and thus, those allegations rendered the provider's "argument that its state

6

law claims do not relate to [the patient's] ERISA-governed health benefit plan implausible").  For example, Plaintiff concedes that it has no contract with Defendants (Compl. ¶ 11), eliminating any independent source of a payment obligation.  Thus, the sole potential source of any duty to reimburse covered services, and the measure of any such benefits to be reimbursed, derives from the ERISA-governed plans themselves.

Nor is there a credible basis for Plaintiff's demands on the Benefit Claims apart from Defendants' alleged role in administering benefits for plan members.  *See Cole v. Travelers Ins. Co.*, 208 F. Supp. 2d 248, 260 (D. Conn. 2002) (dismissing unjust enrichment claim, explaining, "[t]he alleged conduct underlying each of these causes of action concerns the defendants' reimbursement of benefits for services Cole provided to patients covered by the defendants' employee benefits plans. ... [T]hese causes of action are precisely of the type that Congress sought to preempt with ERISA.").

Where, as here, adjudicating state law claims requires interpretation of plan terms to determine coverage or reimbursement, those claims are preempted.  Resolution of Plaintiff's Complaint necessarily requires examination of plan terms, including reimbursement methodologies, to assess coverage and whether additional benefits are owed on the ERISA Claims; the Complaint is ERISA-preempted.  *See, e.g., Neurological*, 511 F. Supp. 3d at 290 (dismissing breach of implied contract and other state law claims as preempted); *Cooperman v. Empire HealthChoice HMO, Inc.*, 1:24-cv-00866 (JLR), 2025 WL 950675, at *16 (S.D.N.Y. Mar. 28, 2025) (holding that an alleged implied contract "does not exist independently of the Plan's terms"); *Neurosurgical Care of N.J., P.A. v. United Healthcare Ins*. Co., No. 22-1333, 2022 WL 17585882, at *3 (D.N.J. Dec. 12, 2022) (finding preemption where plaintiffs' theory was entitlement to payment under the plan).

Finally, Plaintiff cannot avoid preemption by recasting its claims as state law theories. Absent the ERISA plans, Defendants would have no relationship with the patients, no obligation to process claims, and no duty to reimburse for services. *See AMISUB (SFH), Inc. v. Cigna Health & Life Ins. Co.*, 142 F.4th 403, 408 (6th Cir. 2025) ("Cigna only enters the picture if it contracts with patients to shoulder the burden of paying for their care."); *Norman Maurice Rowe, M.D., M.H.A., L.L.C. v. Aetna Life Ins. Co.*, 23 civ. 8527 (CM)(OTW), 2025 WL 692051 (S.D.N.Y. Mar. 4, 2025) (holding that an out-of-network provider's claims were preempted where the only reason to contact the administrator was to seek coverage under an ERISA plan).

In substance, Plaintiff challenges benefit determinations for the ERISA Claims. It may not circumvent ERISA's exclusive remedial scheme by repackaging those claims under state law.

### C.    The Medicare Claims Are Preempted, Unexhausted, And Fail On The Merits.

The Medicare Claims are preempted and subject to dismissal. As one court recently held:

> Defendant separately seeks dismissal of the sub-claims that are based on Medicare-regulated plans on the basis that they are preempted under the Medicare Act and/or Plaintiff failed to exhaust its administrative remedies under that act. (Moving Br. at 15–18.)
>
> […]
>
> Plaintiff alleges only the accounts stated cause of action. Plaintiff characterizes it as a contract-based claim that seeks to recover the unpaid amount Dynamic billed United for various medical imaging services. Nevertheless, Plaintiff's claim is predicated on its status as an assignee of the enrollees' claims for benefits under United plans because without that status, Dynamic would have no basis for demanding payment from United. The question with respect to this claim is whether payment of the benefits Plaintiff seeks would constitute a payment of benefits under Part C of the Medicare Act. Simply put, the answer is yes.

*SM Medical Holdings Corporation v. United HealthCare Services, Inc.*, Civil No. 25-1549, 2026 WL 540175 *3–4 (D.N.J. Feb. 26, 2026). The same result is warranted here.

The Medicare Claims arise from plans governed by the Medicare Act and administered by

8

MAOs.  Certain defendants operate as MAOs, (ECF No. 1, NOR ¶¶ 23), as they contract with the federal Department of Health and Human Services Centers for Medicare and Medicaid Studies ("CMS") to sponsor and administer certain federal Medicare insurance benefits under the federal Medicare Advantage program.  (ECF No. 4, 2/27/26 Genovese Decl. ¶ 8.)  Like the ERISA Claims, Plaintiff's causes of action for the Medicare Claims must be dismissed as preempted under the Medicare Act.

The Medicare Act establishes a comprehensive and exclusive regulatory regime for Medicare Advantage plans.  Beneficiaries may elect either traditional Medicare, under which CMS pays providers directly, or enroll in Part C plans administered by MAOs.  *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1233 (11th Cir. 2016).  To ensure national uniformity, the Medicare Act provides for broad preemption of state law claims.  42 U.S.C. § 1395w 26(b)(3); *see also* 42 C.F.R. § 422.402 (2005) ("The standards established under this part shall supersede any State law or regulation (other than State licensing laws or State laws relating to plan solvency) with respect to the MA plans that are offered by MA organizations."). And courts have recognized the broad scope of the Medicare preemption provision.  *See Uhm v. Humana, Inc.*, 620 F.3d 1134, 1156 (9th Cir. 2010).  In fact, the Medicare Act preempts common law claims when they touch upon areas regulated by the Medicare Advantage standards.  *See Cent. Orthopedic Grp., LLP v. Aetna Life Ins. Co.*, No. 24- 7173, 2025 WL 2614971, at *2 (E.D.N.Y. Sept. 10, 2025) (concluding plaintiff's state law claims were preempted by the Medicare Act); *Uhm*, 620 F.3d at 1156 (finding common and state law claims "fall within the ambit of the Act's preemption clause").

Plaintiff's causes of action challenge Defendants' benefit determinations and seek reimbursement for services provided to enrollees of Medicare-governed plans.  That is precisely the type of claim the Medicare Act displaces.  Courts have rejected such attempts to repackage

9

benefits disputes as state law causes of action. *See Uhm*, 620 F.3d 1143 (claims seeking additional payment are "at bottom … claims for benefits" arising under the Medicare Act); *Aylward v. SelectHealth, Inc.*, 35 F.4th 673, 681 (9th Cir. 2022) (Part C standards "supersede" state-law duties governing the same subject). Any analysis of Plaintiff's allegations will necessarily: (1) implicate billing and coding of the claims submissions and (2) require an analysis of the operative plans and Medicare standards to determine if additional reimbursement is appropriate. *See* 42 C.F.R. § 422.112(a)(6)(ii) (MAOs must ensure particular service is "medically necessary," and must have policies and guidelines that allow for individual medical necessity determinations); 42 C.F.R. § 422.503(b)(4)(vi)(F) (to prevent and detect fraud, waste, and abuse, Medicare Advantage Organizations must monitor all providers to ensure compliance with Medicare standards).

The Medicare Claims also fail for lack of exhaustion. The Medicare Act requires that disputes over Medicare benefits be channeled through a mandatory administrative process before judicial review is available. 42 U.S.C. § 1395w-22(g). Courts dismiss claims where this process is bypassed. *See Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, In*c., 30 F.4th 905, 914, 919–20 (9th Cir. 2022); *Kodenkandeth v. Blind & Vision Rehab. of Pittsburgh*, No. 23-2051, 2024 WL 4242087, at *3 (W.D. Pa. Sept. 19, 2024). Indeed, Plaintiff does not allege with plausible factual allegations that administrative remedies were exhausted or somehow excused for the Medicare Claims. *See Sarene Servs., Inc. v. Empire Blue Cross/Blue Shield*, 17-CV-5276 (DRH)(AYS), 2019 WL 402858, at *6-7 (E.D.N.Y. Jan. 29, 2019) (dismissing claims for failure to exhaust administrative remedies).

Finally, Plaintiff's damages theory directly conflicts with the Medicare framework. Non-contracted providers treating Medicare plan enrollees are entitled only to the Medicare-approved rate and must accept that amount as payment in full. *See Glob. Rescue Jets*, 30 F.4th at 910.

10

Plaintiff's demand for benefits in excess of the Medicare allowable is inconsistent with governing law and Plaintiff has offered no basis for demanding benefits beyond the approved rate.

Accordingly, the Medicare Claims should be dismissed, with prejudice.

**D.      Plaintiff Fails To Plausibly Allege A Claim For Relief.**

**1.      *For All Benefit Claims (ERISA Claims, Medicare Claims, and Medicaid Claims), Plaintiff Does Not Plausibly Allege An Implied Breach Of Contract Claim.***

Construed liberally, Plaintiff appears to assert a claim for breach of an implied contract in the Complaint's First Cause of Action. That claim, however, fails because Plaintiff does not allege facts sufficient to support the existence of any such agreement.

Under Fed. R. Civ. P. 8, a complaint must, at a minimum, provide each defendant with "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961). Allegations that are merely "consistent with" liability, or that suggest only "the mere possibility of misconduct," do not satisfy Rule 8(a)(2) or state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79. Here, Plaintiff fails to plead facts supporting any element of a breach of implied contract claim.

"The elements of a breach of contract claim in New York are: (1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach." *Kapsis v. Am. Home Mortg. Servicing Inc.*, 923 F. Supp. 2d 430, 450 (E.D.N.Y. 2013). "A breach of contract claim will withstand a motion to dismiss only if plaintiff 'allege[s] the essential terms of the parties' purported contract in nonconclusory language, including the specific provisions of the contract upon which liability is predicated.'" *Id.* (citation omitted). Here, Plaintiffs have failed to allege what, if any, material terms of any contract were breached by Defendants.

11

Additionally, under New York law, "[a]n implied contract, like an express contract, requires 'consideration, mutual assent, legal capacity and legal subject matter.'" *Miller v. Syracuse Univ.*, 662 F. Supp. 3d 338, 365 (N.D.N.Y. 2023) (quoting *Sackin v. TransPerfect Global, Inc.*, 278 F. Supp. 3d 739, 749 (S.D.N.Y. 2017)). Notably, the terms of an implied-in fact contract may turn on the conduct of the parties. *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 582 (2d Cir. 2006).

Plaintiff fails to plausibly establish any mutual assent or meeting of the minds. Plaintiff relies on allegations that Defendants "authorized" services and that Plaintiff rendered treatment to Defendants' members with an expectation of payment. (Compl. ¶¶ 14–15.) But courts have rejected the notion that prior authorization, standing alone, creates an implied agreement. *See Neurological Surgery, P.C. v. Siemens Corp.*, 17-cv-3477 (ADS)(AKT), 2017 WL 6397737, at *5 (E.D.N.Y. Dec. 12, 2017) (noting that contractual and quasi-contractual claims based on pre-authorization, without any identified written or oral agreement imposing a duty to reimburse, are routinely dismissed).

Finally, Plaintiffs fail to allege any offer, acceptance of an offer, or any material terms, including the critical who, when, where, and what details of the alleged contract with Defendants. *See Bassel v. Aetna Health Ins. Co. of New York*, 17-cv-05179 (ERK)(RER), 2018 WL 4288635, at *6 (E.D.N.Y. Sept. 7, 2018) (holding that a pre-authorization merely confirms that "each Plan Member was entitled to an out-of-network benefit" and that this "hardly explains what—if any— promise Aetna made."). Although Plaintiff asserts that Defendants agreed to pay for emergency treatment, it does not plausibly allege that Defendants agreed to cover any specific services billed and/or to reimburse any such services at any particular rate. Instead, Plaintiff offers only the conclusory assertion that its billed charges reflect the "reasonable value" of its services. (Compl.

12

¶ 17.) But "[p]rice or compensation are material terms in a contract requiring definiteness." *Major League Baseball Props., Inc. v. Opening Day Prods., Inc.*, 385 F. Supp. 2d 256, 271 (S.D.N.Y. 2005). There is no definiteness here. Without factual allegations explaining what constitutes that "reasonable value," or how it was communicated to or accepted by Defendants, this statement is insufficient to establish any agreed-upon term.[2]

In sum, Plaintiff fails to allege facts demonstrating the existence of an implied contract, fails to plead any of its material terms, and relies on conclusory assertions. Accordingly, Plaintiff's breach of implied contract claim should be dismissed, with prejudice.

### 2.    *For All Benefit Claims (ERISA Claims, Medicare Claims, and Medicaid Claims), Plaintiff Does Not Plausibly Allege An Unjust Enrichment Cause Of Action.*

Plaintiff alleges that, pursuant to EMTALA, it was obligated to provide emergency services to individuals presenting to its emergency department and that, by treating Defendants' members, Defendants were unjustly enriched when they allegedly failed to pay for those services. (Compl. ¶¶ 23–26.) This claim fails as a matter of law.

Under New York law, unjust enrichment requires a plaintiff to plausibly allege "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel*, 448 at 586. Plaintiff cannot satisfy these elements.

*First*, Plaintiff conferred a benefit *on its patients*, not on Defendants themselves. Indeed, Plaintiff offers no non-conclusory facts demonstrating that Defendants' financial position was improved, that any particular plan obligation was discharged, or that Defendants otherwise

---

[2] Plaintiff likewise fails to describe any prior course of dealing or any specific relationship between Defendants and Plaintiff. These deficiencies mirror those found dispositive in a similar case. *See, e.g., East Coast Spine Joint v. Anthem Blue Cross Blue Shield*, Civ. No. 2:22-04841 (WJM), 2023 WL 3559704, at *5 (D.N.J. Apr. 27, 2023) (dismissing implied contract claim where out-of-network plaintiff alleged no prior interactions or course of conduct supporting an expectation of payment).

received any direct, cognizable benefit.  Courts reject unjust enrichment claims by out-of-network providers on this basis, holding that treatment of insureds does not constitute a benefit to the insurer.  *See Broad St. Surgical Ctr., LLC v. UnitedHealth Grp., Inc.*, Civil No. 11-2775 (JBS/JS), 2012 WL 762498, at *8–9 (D.N.J. Mar. 6, 2012); *Travelers Indem. Co. of Conn. v. Losco Grp., Inc.*, 150 F. Supp. 2d 556, 563 (S.D.N.Y. 2001).  Because Defendants received no direct benefit, Plaintiff's claim fails at the threshold.  *See Healthcare Justice Coal. DE Corp. v. Cigna Health & Life Ins. Co.*, No: 3:23-cv-01689 (KAD), 2025 WL 1424905, at *5 (D. Conn. May 15, 2025).

*Second*, Plaintiff cannot rely on EMTALA to manufacture a benefit.  EMTALA imposes obligations on hospitals—not Defendants—and does not create any right to reimbursement from private payors.  42 U.S.C. § 1395dd.  The statute requires hospitals to provide emergency screening and stabilizing treatment and creates a private right of action only against participating hospitals. *See* § 1395dd(d)(2)(A); *Torretti v. Main Line Hosps., Inc.*, 580 F.3d 168, 172 (3d Cir. 2009); *Dearmas v. Av-Med, Inc.*, 814 F. Supp. 1103, 1108–09 (S.D. Fla. 1993); *Davis v. Twp. of Paulsboro*, 424 F. Supp. 2d 773, 778 (D.N.J. 2006).  Plaintiff therefore cannot transform its independent statutory duty into a quasi-contractual obligation running from Defendants.

Nor can Plaintiff plausibly allege that compliance with EMTALA conferred a benefit on Defendants and/or discharged any duty owed by them.  Defendants are insurers or plan administrators, not providers of medical care, and EMTALA imposes no obligation on them to furnish treatment.  *See Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 447 (3d Cir. 2000) (no unjust enrichment where "nonpaying patients got the main benefit").  Plaintiff's conclusory allegation to the contrary (Compl. ¶ 25), is legally insufficient.

*Third*, Plaintiff also fails to plausibly allege an expectation of compensation from Defendants.  To the contrary, Plaintiff acknowledges that it was legally obligated to treat all

14

emergency patients regardless of insurance status.  That obligation forecloses any inference that services were rendered in reliance on plan coverage or benefit reimbursement from Defendants, as opposed to the patients themselves.

*Fourth*, Plaintiff fails to allege a legally cognizable measure of damages.  Plaintiff seeks recovery of its charges and/or an undefined "reasonable value."  (Compl. ¶ 27.)  This is not viable.  A quasi-contract claim depends on whether the defendant was legally obligated to reimburse more than it did.  *AMISUB*, 142 F.4th at 408.  Here, Defendants' obligations, if any, are defined by the governing benefit plans, which define coverage, limit reimbursement, and allocate remaining amounts to patients through established cost-sharing mechanisms.  Plaintiff's attempt to recover charges, or to substitute its own unanchored notion of "reasonable value," is nothing more than an effort to override plan terms.  The law does not permit such an end-run around governing reimbursement methodologies.

In sum, Plaintiff fails to allege that it conferred a cognizable benefit on Defendants, fails to plead acceptance, fails to allege any expectation of compensation from Defendants, and identifies no legally sustainable measure of damages.  These defects are fundamental and cannot be cured.  Plaintiff's unjust enrichment claim should be dismissed, with prejudice.

## V.    PLAINTIFF IGNORES THE FEDERAL NO SUPRISES ACT

The federal No Suprises Act ("NSA"), which took effect on January 1, 2022, Pub. L. 116-260, Div. BB, Title I, §§ 102(a)(1), 103(a), 107(a), 111(a), Dec. 27, 2020, 134 Stat. 2759, 2797, 2858, 2861, applies to all of Plaintiff's claims  (other than any government claims) with a date of service from January 1, 2022 to the present.  "Under the No Surprises Act scheme, out-of-network doctors are required to turn to the patient's insurer for payment of unreimbursed amounts, and insurers are obliged to pay them based on the prescribed 'out-of-network rate.'"  *Tex. Med. Ass'n v. U.S. Dep't of Health & Hum. Servs.*, 110 F.4th 762, 768 (5th Cir. 2024); see also 42 U.S.C. §§

15

300gg-111(a)(1)(C)(iv)(II) (requiring payment of out-of-network rate), (a)(3)(K) (defining "out-of-network-rate").

To the extent that Plaintiff submitted a claim pursuant to the NSA, they cannot use state law to recover further. *See Worldwide Aircraft Servs. Inc. v. Conn. Gen. Life Ins. Co.*, 749 F. Supp. 3d 1204, 1217 (M.D. Fla. 2024) ("In states without a 'specified state law,' [i.e 'a State law that provides for a method for determining the total amount payable under such a plan, coverage, or issuer, respectively,' 42 U.S.C. § 300gg-111(a)(3)(I)] the out-of-network rate is either the amount agreed to by the insurer and the out-of-network provider or an amount determined through the IDR process" established by the NSA). Any such claims should be dismissed.

## VI.   CONCLUSION

Defendants respectfully request that the Court grant this motion and dismiss Plaintiff's Complaint, with prejudice.

Dated: June 10, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Amanda L. Genovese
620 Eighth Avenue
New York, New York 10018
(212) 218-5621
agenovese@seyfarth.com

*Attorneys for Defendants*

## LOCAL CIVIL RULE 7.1(c) WORD COUNT CERTIFICATION

Pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I certify that Defendants' Memorandum of Law in Support of Their Motion to Dismiss complies with word-count limitations.

Defendants Memorandum of Law contains 4,737 words, not including the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates.

/s/ Amanda L. Genovese
Amanda L. Genovese

17