UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

NYU LANGONE HOSPITALS,                                    Case No.: 26-CV-01666 (JLR)

                                                Plaintiff,

        -against-

OXFORD HEALTH INSURANCE, INC., UNITED
HEALTHCARE INSURANCE COMPANY OF NEW
YORK, UNITED HEALTHCARE OF NEW YORK, INC.,
UNITED HEALTHCARE INSURANCE COMPANY,
UNITED HEALTHCARE SERVICES, INC.,
UNITED HEALTHCARE SERVICES LLC, and UMR, INC.

                                                Defendants.

-------------------------------------------------------------------------X


PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT.


                                        WILLIAM A. HECHT, P.C.
                                        Attorney for Plaintiff
                                        84 Business Park Drive, Suite 208
                                        Armonk, New York 10504
                                        (914) 946-0647

LEGAL ARGUMENT

<u>PRELIMINARY STATEMENT</u>.

On the instant motion to dismiss the complaint of NYU Langone Hospitals ("NYULH") pursuant to F.R.C.P. 12(b)(6), the court must accept the allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *Millennium Health, LLC v. EmblemHealth, Inc.*, 240 F. Supp. 3d 276, 279 (S.D.N.Y. 2017). In support of their motion, Defendants rely upon a declaration of their attorney who asserts that the claims at issue are "for Medicare-covered plans, commercial ERISA claims and claims related to Medicaid plans." (Declaration of Amanda L. Genovese, dated June 10, 2026, ¶ 7.) The complaint makes no allegation of such so the alleged facts in the declaration cannot be considered on this motion. *See id.* at 287 (defendant's arguments that the state law claims must be dismissed as to claims relating to plans governed by ERISA and Medicare plans rely on facts that are not alleged in the complaint and therefore cannot be considered).

Defendants also assert that NYULH concedes that "certain services were not covered at all, . . . ." (Defendants' Memorandum of Law in Support of Motion to Dismiss", dated June 10, 2026 ["D. Memo"], p. 1.) There was no such concession and moreover, the complaint makes no such allegation so that alleged fact likewise cannot be considered

F.R.C.P. 12(b)(6) requires a complaint to set forth "enough facts to state a claim to relief that is plausible on its face". *Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 321 (2nd Cir. 2010) (internal punctuation and citation omitted). NYULH's complaint does so.

1

POINT I

## PLAINTIFF'S COMPLAINT IS NOT SUBJECT TO DISMISSAL.

Defendants seek dismissal of NYULH's for failure to meet the requirements of F.R.C.P. 8. Defendants also seek dismissal under that rule with prejudice. (D. Memo, p. 11.) That request is untenable. Under F.R.C.P. 81(c)(2), NYULH was not required to replead its complaint to comport with F.R.C.P. 8 because Defendants removed the action and pursuant to F.R.C.P. 15(a)(2) leave to replead is to be freely granted. Therefore, should the Court determine that the complaint fails to state a cause of action, NYULH requests leave to replead.

POINT II

## ERISA DOES NOT PREEMPT PLAINTIFF'S CLAIMS.

As noted, the Court cannot consider Defendants' assertion that any claims at issue concern any patient enrolled in Medicare Advantage Organization ("MAO") as there is no allegation of such in the complaint. *Millennium Health,* 240 F. Supp. 3d at 287. Furthermore, ERISA would not preempt any such claims.

Congress's intent in enacting Section 514(a) of the Employee Retirement Income Security Act ("ERISA") was to regulate the relationship among traditional ERISA entities and provide that the administrative practices of a benefit plan would be governed by only a single set of regulations. *Beth Israel Medical Center v. Sciuto*, No. 92-CV-8729, 1993 U.S. Dist. LEXIS 9145, * 8-9, (S.D.N.Y. July 8, 1993). Accordingly, ERISA preempts state laws that "relate to" a benefit plan. 29 U.S.C. § 1144(a). A state law relates to ERISA if it has a "reference to" or a "connection with" an ERISA plan. *California Div. of Labor Standards Enforcement v.*

2

*Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324 (1997).  A state law has a "reference to" an

ERISA plan where it "acts immediately and exclusively upon ERISA plans . . . , or where the

existence of ERISA plans is essential to the law's operation."  *Id*. at 325.  A state law has a

"connection with" an ERISA plan if it "mandates employee benefit structures or their

administration or provides alternate enforcement mechanisms."  *Plumbing Indus. Bd. v. E. W.*

*Howell Co., Inc.*, 126 F.3d 61, 67 (2nd Cir. 1997) (quotation and internal punctuation omitted.)

Applying the "relates to" analysis for conflict preemption in *Sciuto*, the court held that

the plaintiff's claims for breach of implied contract, negligent misrepresentation and estoppel

were not preempted by ERISA.  The patient's admission had been precertified with the employee

benefit plan's agent, but payment for the authorized services was later denied because the patient

was allegedly not covered.  1993 U.S. Dist. LEXIS 9145 at * 2.

The court found the plaintiff's state law claims were not preempted under ERISA

because: 1) the claims were not alternative causes of action to collect benefits, but rather

"assert[ed] a non-derivative right to restitution for services provided to a non-member of

Defendant's plan as a result of the specific action of Defendant's agents"; 2) the claims "d[id]

not interfere with the calculation of benefits owed to an employee', but rather "rest[ed] solely on

the misrepresentation of coverage and the cost of services provide in reliance on that

misrepresentation"; and 3) the claims did not refer to and apply solely to ERISA plans but were

based on laws of general application that were not shown to have more than an incidental effect

on the plan.  *Id*. at *7-8.  The same is true for NYULH's claims.

NYULH does not seek to rectify a wrongful denial of benefits promised to Defendants'

members but rather to recover damages for Defendants breach of parties' implied-in-fact

contract.  NYULH treated Defendants' members at Defendants' express request.  (Complaint, ¶¶

3

10-14.)  A fact Defendants omit in their selective recitation of the allegations of the complaint to assert that NYULH's claims for patients allegedly enrolled in ERISA plans bear the requisite connection to the plans to be preempted.  (D Memo, p. 6.)  Also, NYULH's allegation that it is not contracted with Defendants to provide mental health services does not, as Defendants misrepresent, concede that NYULH has no contract with Defendants that independently obligates Defendants to pay NYULH.  (D's Memo, p. 7.)  Defendants' request for NYULH to treat its members and implied promise to pay gave rise to Defendants' duty to NYULH, not the terms of Defendants' contracts with its members.  *See The Plastic Surgery Center, P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218 (3rd Cir. 2020) (claims for breach of contract and promissory estoppel based on oral agreements by insurer to pay out of network provider reasonable amount according to terms of health plan and to pay highest in-network rate for  particular services rather that plan terms defined insurer's duty so claims did not have impermissible reference or connection to ERISA and therefore were not expressly preempted); *Jeffery Farkas, M.D., LLC v. United Healthcare Ins. Co.,* No. 23-CV-9015, 2025 U.S. Dist. LEXIS 196592 (E.D.N.Y. Oct. 23, 2025) (provider's claim for promissory estoppel based on allegation that plaintiff relied on defendant's promise to pay for services rendered to its member according to industry custom was not preempted); *Emergency Physician Services of New York v. UnitedHealth Group, Inc.*, No. 20-CV-9183, 2021 U.S. Dist. LEXIS 185009 (S.D.N.Y. Sept. 28, 2021) (claims not expressly preempted because, *inter alia*, they do not require plan, employer or participant to follow a standard inconsistent with those provided by ERISA).

Defendants' reliance on *Cooperman v. Empire HealthChoice HMO, Inc.*, No. 24-CV-00866, 2025 U.S. Dist. LEXIS 58515 (S.D.N.Y. Mar. 28, 2025) and *Neurosurgical Care of N.J., P.A. v. United Healthcare Ins. Co.*, No. 22-CV-1333, 2022 U.S. Dist. LEXIS 223180 (D.N.J.

4

Dec. 12, 2022) is misplaced because the defendants in those cases, unlike Defendants herein, did not request that the plaintiffs treat their members and the plaintiffs were not asserting an independent right to recover against the defendants.  Defendant's other authority (D Memo, pp. 6-7.) is distinguishable for the same reasons.

POINT III

THE MEDICARE ACT DOES NOT BAR PLAINTIFF'S<br>CLAIMS.

As noted, the Court cannot consider Defendants' assertion that any claim at issue concerns a patient enrolled in a MAO as there is no allegation of such in the complaint. *Millennium Health,* 240 F. Supp. 3d at 287. Further, even if any claim at issue is for services rendered to a MAO enrollee, the Medicare Act does not preempt such claims.

In support of their preemption argument, Defendants cite 42 C.F.R. 422.503(b)(4)(vi)(F), which is a condition for contracting to qualify as a MAO, and 42 C.F.R. 422.112(a)(6)(ii), which requires a MAO using a network of providers to render services to enrollees to have policies and procedures "that allow for individual medical necessity determinations."  (D's Memo, p. 10.) Those regulations would not be undermined by adjudicating NYULH's claims so NYULH's claims are not preempted by the Medicare Act.  *See Prime Healthcare Services v. Humana Ins. Co.*, No. 16-CV-1097, 2018 U.S. Dist. LEXIS 109320 (C.D. Cal. June 22, 2018).

Defendants' contention that NYULH's damages demand conflicts with the Medicare reimbursement framework is erroneous.  As a Medicare participating provider, as alleged in the complaint, NYULH is to accept as reimbursement in full the Medicare rates for services rendered to Medicare enrollees absent a payor-provider agreement setting a higher rate.  So in

5

that circumstance, the reasonable value of NYULH's services is the Medicare rate and there is no conflict to trigger preemption under the Medicare Act.

Defendants' cases are distinguishable. In *Sarene Services v. Empire Blue Cross/Blue Shield*, No. 17-CV-5276, 2019 WL 402858 (E.D.N.Y. Jan. 29, 2019), the state law claims were grounded on the defendant's preauthorization of services.  In *Central Orthopedic Group, LLP v. Aetna Life Ins. Co.*, No. 24-CV-7173, 2025 W.L. 2614971 (E.D.N.Y. Sept. 10, 2025), the state law claims were based on assignments of plan benefits obtained from the patients.  In *SM Medical Holdings Corp. v. United HealthCare Services, Inc.*, No. 25-CV-1549, 2026 WL 540175 (D.N.J. Feb. 26, 2026), the claim was necessarily predicated on plaintiff's status as an assignee of the enrollees' benefits because without that status, it had no basis for demanding payment. And in *Uhm v. Humana, Inc.*, 620 F.3d 1134 (9th Cir. 2010), the plaintiff was a Medicare enrollee complaining of a delay in providing benefits.  NYULH's claims do not arise from assignment of benefits or authorization to provide services pursuant to Defendants' plans but from Defendants' request that NYULH treat Defendants' members.

Moreover, NYULH's claims do not implicate the interest of any patient who was a Medicare enrollee or the government therefore NYULH's claims do not arise under the Medicare Act.  *See Canandaigua Emergency Squad, Inc. v. Rochester Area HMO, Inc.*, 780 F. Supp. 2d 313 (W.D.N.Y. 2011) (non-contracted provider's state law claims did not implicate the interests of Medicare enrollees or the government, which are the focus of the Medicare Act and do not arise under the Medicare Act).  And NYULH does not have to exhaust administrative remedies. As held in *Caris MPI, Inc. v. United Healthcare, Inc.*, 108 F. 4th 340, 351 (5 Cir. 2024), "[w]here there is a complete lack of enrollee interest in a payment dispute between an MAO and a provider, as in this case, there are no administrative remedies for the provider to exhaust."  The

6

court found there was no enrollee interest because, *inter alia*, all enrollees had already received the services and whether the plaintiff provider was a contract or non-contract provider for the defendant, the plaintiff was prohibited from seeking additional money from the enrollees under federal statutes.  The same is true in this case.

Should the court determine NYULH had to exhaust administrative remedies, it claims should not be dismissed with prejudice as Defendants' contend (D Memo, p. 11), but NYULH should be granted leave to replead.  *See Central Orthopedic Group*, 2025 W.L. 2614971, * 9-10, upon which Defendants rely.

POINT IV

<u>PLAINTIFF PLAUSIBLY ALLEGES BREACH OF AN
IMPLIED-IN-FACT CONTRACT</u>.

As Defendants note, an implied contract requires consideration, mutual assent, legal capacity and legal subject matter.  The consideration given by NYULH's was the treatment provided to Defendants' members for whom NYULH had no contractual liability to Defendant to treat. The parties mutually assented to the contract as Defendants asked NYULH to admit their members and authorized the services rendered and NYULH admitted Defendants' members and provided them with the services authorized.  It goes without stating that the parties have legal capacity to contract and that the subject matter of the contract is legal.

As to Defendants' assertion that NYULH failed to allege what material term of the contract was breached, as discernable from a reading of the complaint, the material term breached was the requirement for Defendants to pay NYULH the reasonable value of the services provided at Defendants' request.  That NYULH's complaint does not allege that Defendants agreed to pay a specific rate does not warrant dismissal of the cause of action for

7

breach of contract.  *See Karl Senner, Inc. v. The M.V. Kate*, No. 85-CV-1632, 1986 U.S. Dist. LEXIS 25399, * 9 (S.D.N.Y. May 16, 1986) (where no specific price stated for certain work performed by individual, agreement to pay reasonable value of services may be implied [ court did note conflicting decisions on import of absence of price term]).

Defendant's reliance on *Neurological Surgery, P.C. v. Siemens Corp.*, No. 17-CV-3477, 2017 WL 6397737 (E.D.N.Y. Dec. 12, 2017) and *Bassel v. Aetna Health Ins. Co. of New York*, No. 17-CV-05179, 2018 WL 4288635 (E.D.N.Y. Sept. 7, 2018) is misplaced because in those cases the plaintiffs did not identify an legal duty independent of the patients' plans obligating the defendants to pay the plaintiffs, unlike NYULH.

Additionally, as Defendants know, NYULH has been a contracted participating provider of Defendants for years, albeit to provide services other than mental health services.  So Defendants know that NYULH expects to be reimbursed when it treats Defendants' members. Consequently, in asking NYULH to treat its members, Defendants impliedly promised to pay reasonable compensation to NYULH for doing so. An implied promise to pay suffices to assert a claim for breach of contract.  *See Katz Dochrermann & Epstein, Inc. v. HBO*, No. 97-CV-7763, 1999 U.S. Dist. LEXIS 3971, * 10 (S.D.N.Y. 1999) (in action to recover payment for advertising campaign prepared for defendant, court noted that "[u]nder New York law, a contract will be implied in fact when the parties clearly intended payment for use of the plaintiff's idea, though they did not set forth that intention in express language".)

Furthermore, if it were found there is no enforceable contract, NYULH may recover from the Defendants in quantum meruit.  In *MHA, LLC v. Amerigroup Corp.*, 539 F. Supp. 3d 349 (D.N.J. 2021), on the defendant's motion to dismiss the complaint, the court found that the plaintiff hospital stated causes of action quantum meruit for services rendered to persons enrolled

in the defendant insurer's health plans on dates when the plaintiff was no longer a contracted participating provider of the defendant. *Id*. at 360-61.

Defendants' allegation there was no benefit to them is untrue. By acceding to Defendants' request to treat their members, NYULH saved Defendants the time, effort and related expense of finding other facilities to which their members could be admitted for treatment. As alleged in the complaint, it was at Defendants' request that NYULH treated Defendants' members and Defendants accepted NYULH services by authorizing NYULH to provide the services and making partial payment on certain claims. (Complaint, ¶¶13, 19.) The allegations suffice to state a cause of action for quantum meruit. *See Farina v. Bastianich*, 116 A.D.3d 546 (1st Dep't 2014).

Further, even if Defendants did not benefit, NYULH may still recover. As noted in *Town of Haverstraw v. Columbia Electric Corp*., No. 00-CV-8638, 2004 U.S. Dist. LEXIS 6386, * 29 (S.D.N.Y. Mar. 24, 2004), under New York law a plaintiff may recover a claim for quantum meruit even if the defendant did not receive an actual benefit if the plaintiff fully complied with the defendant's request to its detriment. NYULH did just that; at Defendants' request NYULH treated Defendants' members for which it has not been reasonably compensated.

POINT V

PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT BASED
ON EMTALA IS MERITORIOUS.

In *New York City Health and Hospitals Corp. v. WellCare of New York, Inc.*, 35 Misc. 3d 250 (Sup. Ct. 2011), the court found that the plaintiff stated a cause of action under New York law for unjust enrichment against the defendant MAO based on the Emergency Medical Treatment and Active Labor Act ("EMTALA"). The court found that where a hospital is

9

required by EMTALA to treat patients, a health care insurer is unjustly enriched when it fails to pay in full for the necessary treatment rendered to its members. *Id*. at 258.

Citing to*, inter alia*, *WellCare*, the court in *Jay Kripalani M.D., P.C., v Independence Blue Cross*, No. 23-CV-04225, 2024 U.S. Dist. LEXIS 177799 (E.D.N.Y. Sept. 30, 2024), held that the plaintiff, who provided emergency medical services and continuing care services to a member of an employee welfare plan, stated a cause of action for unjust enrichment and that claim survived the defendant's motion to dismiss. *Id.* at * 23. In *Kennedy . UnitedHealth Group, Inc*., No. 25-CV-432, 2025 U.S. Dist. LEXIS 117870 (S.D.N.Y. June 20, 2025), the court found that the plaintiffs, who rendered emergency services to defendant's members for which they were not paid, plead an independent state law basis for their unjust enrichment claim as plaintiffs were required by EMTALA and a New York statute to provide the services*. Id.* at * 8-9.

It should be noted that NYULH's unjust enrichment claim based on EMTALA is not expressly preempted under ERISA. *See Emergency Physician Services of New York v. UnitedHealth Group, Inc*., No. 20-CV-9183, 2021 U.S. Dist. LEXIS 185009, * 24 (S.D.N.Y. Sept. 28, 2021).

POINT VI

<u>THE NO SURPRISES ACT DOES NOT BARS PLAINTIFF'S<br>CLAIMS.</u>

The No Surprises Act does not bar Plaintiff's claims. *See Kripalani*, 2024 U.S. Dist. LEXIS 177799 at * 19 (no surprises act, which is intended to protect patients, does not bar medical providers from bringing state law claims against a patient's insurer).

10

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint should be denied and should the Court determine the Complaint fails to meet the pleading requirements of F.R.C.P. 8 or fails to state a cause of action, NYULH should be granted leave to replead.

Dated: June 23, 2026,                          WILLIAM A. HECHT, P.C.
                                               Attorney for Plaintiff

                                       By: ___/s/_____
                                           Patricia Hecht, Of Counsel
                                           84 Business Park Drive, Suite 208
                                           Armonk, New York 10504
                                           (914) 946-0647

11